SOUTHERN CAR MFG. SUPPLY CO. v. LAYNE.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1910.)

No. 1,963.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WIRE-WINDING MACHINE.

The Layne patent, No. 820,507, for a wire-winding machine, *held* valid and infringed as to claims 11 to 17, inclusive.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of Texas.

In Equity. Suit by Mahlon E. Layne against the Southern Car Manufacturing Supply Company. Decree for complainant, and defendant appeals. Affirmed.

The following is the decree of the Circuit Court, entered by Bryant, District Judge:

On January 25, A. D. 1909, came on to be heard the above entitled and numbered cause at Sherman, Tex., by agreement of counsel, the complainant appearing by his attorneys of record, Paul Synnestvedt and Andrews, Ball & Streetman, and the defendant appearing by its attorneys of record, William H. Babcock and Carlton & Townes, and both parties having announced ready, and the court having heard the pleadings of the respective parties read, the evidence introduced, and argument of counsel, and having taken said cause under advisement until this the 21st day of April, A. D. 1909; and, the court being fully advised in the premises, it is now ordered, adjudged, and decreed as follows:

First. That the letters patent of the United States issued to Mahlon E. Layne on the 15th day of May, 1906, for wire-winding machines and for improvements in wire-winding machines, the number of the letters patent being 820,507, are good and valid as to claims 11 to 17, inclusive, thereof, which are as follows, and no adjudication is made as to the validity of the other claims:

(a) "Claim 11: In a wire-winding machine, a feed guide for placing the wire upon the support comprising a jaw having rollers to engage the wire, and said rollers being mounted so that they may be laterally rotated in its supporting socket in order to twist and place the wire upon the support in any desired angular position, substantially as described."

(b) "Claim 12: The combination, with a rocking carriage, of a series of tension rolls thereon and a feeding guide pivotally mounted and having means to rotate it in a plane parallel with the axis of the helix of wire, whereby to twist the wire as it is fed to the support of helix, substantially as described."

(c) "Claim 13: In a wire-winding machine, the feeding guide, 21, pivotally mounted upon its support and having means to rotate it in its support for twisting the wire to direct it upon its support, substantially as described."

(d) "Claim 14: In a wire-winding machine, the feeding guide, 21, having grooved rollers in its jaws to engage the wire and being mounted for vertical oscillation, and capable of adjustment in a rotary direction around the axis of the wire as it is being fed upon its support, substantially as described."

(e) "Claim 15: In a wire-winding machine, the combination with a vertically adjustable feeding guide and a spacer engaging the previously wound turns of the helix of wire adapted to advance said guide with the mean position of several turns of wire, substantially as described."

(f) "Claim 16: The combination in a wire-winding machine of rolls having means for punching and spreading spacing spurs upon the wire, substantially as described."

(g) "Claim 17: In a wire-winding machine, the combination with means for forming lateral spurs upon the side of the wire as it is being fed to its support, and a guide to advance the carriage along the helix adapted to engage the wire upon several of its turns and advance the machine by the mean position of said turns, substantially as described."

Second. That the said Mahlon E. Layne was the first, true, and original inventor of the inventions and improvements described and claimed in said letters patent, and particularly recited in claims 11 to 17, inclusive, thereof.

Third. That the complainant, Mahlon E. Layne, is the lawful owner of said letters patent.

Fourth. That the defendant, Southern Car Manufacturing Supply Company, has infringed upon the said eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth claims of the letters patent of complainant, and upon the exclusive right of the complainant under the same. That the complainant, Mahlon E. Layne, has not proved infringement of claims 1

to 10, inclusive, or of claims 18 to 21, inclusive, of said letters patent; and it is ordered that judgment be here entered for defendant on the question of infringement as to said claims 1 to 10, inclusive, of the patent in suit.

Fifth. That complainant, Mahlon E. Layne, do have and recover of the defendant, Southern Car Manufacturing Supply Company, the profits which the said defendant has derived, received, or made since the 15th day of May, 1906, by reason of said infringement of said claims 11 to 17, inclusive, of said letters patent, and that the complainant do receive of the said defendant any and all damages which the complainant has sustained since said date, by reason of said infringement by said defendant.

. Sixth. And it is hereby referred to H. P. Barry, as a master of this court, who is hereby appointed pro hac vice to take and state the account of said profits, and to assess such damages as complainant has to same, and to report thereon with all convenient speed, and the defendant, its directors, officers, attorneys, clerks, and employés, are hereby directed and required to attend the hearings before the aforesaid master from time to time as required, and to produce before him such books, papers, vouchers, and documents, and to submit such oral examination as the master may require.

Seventh. That the said defendant, Southern Car Manufacturing Supply Company, its directors, officers, attorneys, agents, and employés, be and they are hereby enjoined and restrained from directly or indirectly making or causing to be made, using or causing to be used, or selling or vending to others to be used, in any manner, any articles, devices, appliances, or apparatus for wire-winding machines containing, embodying, or employing the said inventions and improvements contained and covered by claims 11 to 17, inclusive, of said letters patent, or any other articles, devices, or apparatus which, being combined or used, produce an infringement of said claims 11 to 17, inclusive, of said letters patent, or from infringing upon or violating the said letters patent in any way whatsoever.

Eighth. That a writ for a perpetual injunction issue out of and under the seal of this court, directed to the said defendant, Southern Car Manufacturing Supply Company, directors, officers, attorneys, agents, and employés, enjoining and restraining them and each of them from directly or indirectly making or causing to be made, using or causing to be used, or selling or vending to others to be used, in any manner, any articles, devices, appliances, or apparatus for wire-winding machines containing, embodying, or employing the said inventions and improvements contained and covered by claims 11 to 17, inclusive, of said letters patent, or any articles, devices, or apparatus capable of being combined or adapted to be used in infringement of said claims 11 to 17, inclusive, of said letters patent, or from infringing upon or violating the said letters patent in any way whatsoever.

Ninth. That the question of costs herein is passed for future adjudication of this court on final hearing.

To all of which defendant then in open court excepted and is allowed 30 days in which to apply for an appeal.

E. E. Townes and Ernest Wilkinson, for appellant.

Frank Andrews, Paul Synnestvedt, Coke K. Burns, and James C. Bradley, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges are of opinion that the patent sued on is valid, and that the defendant below, appellant here, has infringed the same in the respects pointed out in the decree appealed from.

It is ordered that the decree of the Circuit Court be affirmed.